## Ex parte J. J. BUTLER.

No. A-7068.   Opinion Filed Aug. 25, 1928.
(269 Pac. 786.)

T. D. Taylor, for petitioner.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for respondent.

DOYLE, P. J.   On behalf of J. J. Butler a duly verified petition for writ of habeas corpus was filed in this court on June 16, 1928.   Attached thereto and

made a part thereof is a stipulation and an agreed statement of facts from which it appears: That petitioner, J. J. Butler, was convicted in the district court of Bryan county of the crime of adultery, and was sentenced on August 29, 1913, to imprisonment in the penitentiary for a term of 18 months. That thereafter, on March 19, 1914, he was paroled by Governor Cruce. That thereafter, on June 1, 1926, the said petitioner, J. J. Butler, was tried and convicted for the crime of driving an automobile while intoxicated. He was sentenced to pay a fine of $500 and to imprisonment in the penitentiary for a term of one year. That on May 11, 1928, the said parole, issued by Governor Cruce, was revoked by Governor Johnston. That "on June 7, 1928, the term of the second imprisonment was up, and the said J. J. Butler was recommitted upon his first sentence."

It is averred in the petition "that said imprisonment is illegal, for the reason that the Governor of the state of Oklahoma had no legal right to revoke the parole after the term for which your petitioner was convicted."

In Ex parte Ridley, 3 Okla. Cr. 350, 106 P. 549, 26 L. R. A. (N.S.) 110, it is said:

"When a convict has been released upon a parole," his rearrest and return to custody by an executive order revoking the parole is not in violation of the constitutional guaranty 'that no person shall be deprived of his liberty without due process of law' or 'that no warrant shall issue but upon probable cause supported by oath or affirmation,' since, being a convict at large by executive clemency, which he has accepted on conditions included therein, upon the violation of any of such conditions he is merely an escaped convict, and not entitled to invoke such constitutional guaranty."

In Ex parte Horine, 11 Okla. Cr. 517, 148 P. 825, L. R. A. 1915F, 548, it is held:

"An executive order revoking a parole and directing the rearrest and return to custody of the convict without giving him an opportunity to be heard, is not violative of the constitutional guaranties that no person shall be deprived of his liberty without due process of law, and 'that no warrant shall issue but upon probable cause, supported by oath or affirmation,' since being a convict at large by executive clemency, which he has accepted on the conditions therein stated, the legal status of the convict upon the revocation of the parole becomes the same as it was before the parole was granted."

The parole granted petitioner was an act of grace or favor upon the part of the state by its chief executive. Petitioner was free to accept the parole with its conditions, or reject it and serve his sentence. He chose the former, and stipulated that, for a violation of the conditions, or for any other reason deemed sufficient, the parole might be summarily revoked by the Governor, and petitioner should be remanded to the penitentiary to serve out the sentence. Upon its revocation, the legal status of the petitioner should be regarded the same as it was before the parole was granted and accepted.

Upon the undisputed facts and for the reasons stated we are of the opinion that the detention of petitioner is warranted under the conditions of the parole by which he secured his release from imprisonment.

The writ of habeas corpus is therefore denied.

EDWARDS and DAVENPORT, JJ., concur.