Ex parte HENRY WOODWARD.

No. A-9048.   Jan. 3, 1936.
(53 Pac. [2d] 288.)

Henry Woodward, pro se.

Mac Q. Williamson, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. This is an original proceeding in habeas corpus. .

Petitioner alleges he is unlawfully restrained by the warden of the penitentiary at McAlester. That the cause of said restraint is that in June, 1921, under his true name of Henry Woodward, he was convicted in the district court of Creek county of robbery and was sentenced to a term of 7 years in the penitentiary at Granite, and was duly incarcerated. That in July, 1923, he escaped from said

penitentiary and thereafter, in May, 1924, he was convicted in the district court of Ottawa county of robbery with firearms, as an habitual criminal, under the name of Howard Duncan, and was sentenced to a term of 25 years in the penitentiary at McAlester. That January 10, 1931, he was granted a parole by W. J. Holloway, then Governor. That petitioner then was transferred from the said penitentiary at McAlester to the penitentiary at Granite, to serve the remainder of the sentence imposed by the district court of Creek county, which sentence had been interrupted by the escape of petitioner. That on June 8, 1931, Wm. H. Murray, then Governor, made an order revoking the parole issued to petitioner by Governor Holloway; that petitioner then was transferred from the penitentiary at Granite to the penitentiary at McAlester, to complete the sentence imposed by the district court of Ottawa county. That the order of Governor Murray revoking the parole of petitioner was without any excuse, cause, or provocation, and without his having violated any of the terms of said parole. That said order of revocation was made without any hearing, and is invalid.

Attached to the petition is a copy of the judgment and sentence of the district court, Ottawa county, under which petitioner is imprisoned; the parole issued by W. J. Holloway, Governor; and the order of revocation of Wm. H. Murray, Governor. Said parole among other things provides:

"Third. It is expressly understood by the said Howard Duncan that the Governor may revoke this parole for violation of any one or more of the conditions hereof or for other causes by him deemed sufficient.

"Fourth. That in the event this parole shall be revoked at any time and the said Howard Duncan shall be out of the state of Oklahoma, at the time of the revocation

of same, he waives all the rights and privileges allowed him under the Constitution and Laws of the United States or the laws of any foreign state, and expressly agrees to return to the state of Oklahoma without the aid of requisition."

The order of revocation recites in part:

"* * * Whereas, the said Howard Duncan, Number 14440, accepted the terms and conditions of Governor Holloway's parole which expressly provided that: 'The Governor may revoke this parole for violation of any one or more of the conditions hereof or for other causes by him deemed sufficient'"; and "Whereas, sufficient cause appearing to the Governor to revoke said parole. Now, therefore, I, Wm. H. Murray, Governor of the state of Oklahoma, by virtue of the power and authority vested in me by law, do hereby revoke, cancel and annul the parole heretofore granted to the said Howard Duncan, Number 14440, and do order and direct all sheriffs and other peace officers in the state of Oklahoma, to apprehend him wherever he may be found, and take him into safe custody and convey him to the Oklahoma state penitentiary at McAlester, Okla., where he will serve out that portion of his sentence unfinished when he was paroled, according to the original judgment and sentence of the court."

The contention here made is not new. This court in Ex parte Horine, 11 Okla. Cr. 517, 148 Pac. 825, L. R. A. 1915F, 548, in syllabus 1 and 3, held:

"1. The Governor of the state has the power to annex to a pardon or parole any condition precedent or subsequent, provided it be not illegal, immoral, or impossible to be performed."

"3. A convict was granted and accepted a parole which expressly provided that the Governor might revoke the same and remand the party to prison for a violation of the conditions, or 'for any other reason by him deemed sufficient.' Held, that the Governor may order the con-

vict to be so remanded without notice to him, and without giving him an opportunity to be heard."

Again, in Ex parte Collins, 32 Okla. Cr. 6, 239 Pac. 693, this court reviewed the authorities and reaffirmed the rule announced in the Horine Case, supra. These cases state the correct rule, and this court will not depart from the holding there announced. It follows the writ should be, and the same is, denied.

DAVENPORT, P. J., and DOYLE, J., concur.