## Ex parte TOY SMITH.

No. A-9602. March 3, 1939.

(87 P. 2d 1106.)

Toy Smith, in person, for petitioner.

Mac Q. Williamson, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and J. A. Minton, Pardon and Parole Atty., of Sayre, for respondent.

DOYLE, P. J. The petitioner, Toy Smith, on February 13, 1939, filed in this court an application for a writ of habeas corpus, wherein he avers that he is unlawfully restrained of his liberty by Jess F. Dunn, warden of the state penitentiary, at McAlester.

It is further averred in said petition:

"That your Petitioner, Toy Smith, was on February 16, 1936, received at the Oklahoma state penitentiary, as Number 33620, after having been adjudged and found guilty of the crime of larceny of domestic animals, to serve a term of 10 years. * * * That on April 15, 1937, E. W. Marland, then Governor of Oklahoma, issued to this petitioner a parole for the sentence that he was then, and is now serving; that said parole was then and is now still in existence, the same not having been revoked as by law provided; that said parole was delivered by mail to the warden of the state penitentiary, or one of his deputies, Mr. R. A. West, on April 16, 1937; that said deputy warden, failed, refused and neglected to deliver said parole

to this petitioner, and allow him to accept the same and be released, that petitioner has never been allowed to accept said parole, although he has been at all times desirous and willing to accept the conditions thereof, in order that he may be released from the state penitentiary, that he has at all times requested and demanded of the warden that he be allowed to accept said parole and be released therefrom. * * *''

It is further averred:

"That said parole has never been revoked; that petitioner has not violated the terms of said parole; that he has not been discharged from the penitentiary thereon. * * *

"That said deputy warden did not at that time or has he since that time delivered the parole to this petitioner, but either kept it, or returned it to the office of the Pardon and Parole Attorney.

"That said parole has never been revoked; that petitioner has never violated the terms of said parole. * * *

"That said parole is still in effect, and the terms and stipulations are valid so far as your petitioner is concerned; that no time has elapsed since the parole was issued by the Governor that this petitioner was not ready and willing at all times to sign and accept the term of the same; that he has never refused to accept such parole."

The prayer of the petition is:

"That if your honors do not see fit and deem it just and proper to issue the writ of habeas corpus immediately, that it do issue an order of 'Rule to Show Cause,' directed to the said Jess F. Dunn, warden of the Oklahoma state penitentiary, to come into court and show cause why the writ should not be awarded as prayed for." Which petition was duly verified by said petitioner.

Answering the rule to show cause, respondent, the warden of the state penitentiary, in obedience thereto, avers that said petitioner's confinement and imprisonment in the state penitentiary is in all things lawful and in ac-

cordance with the laws of the state of Oklahoma. And avers that said parole has been revoked.

The order of revocation by Hon. Leon C. Phillips, Governor of the State of Oklahoma, is as follows:

"Executive Department

"Revocation of Parole:

"To all to Whom These Presents Shall Come, Greeting:

"Whereas, Toy Smith, Number 33620, was convicted in the District Court of Kiowa County, Oklahoma, of the crime of larceny of domestic animals, and was sentenced to serve a term of 10 years in the Oklahoma State Penitentiary at McAlester, Oklahoma, where he was committed on February 16, 1936; and

"Whereas, the said Toy Smith, Number 33620, was granted a parole from his said imprisonment on April 13, 1937, by His Excellency, E. W. Marland, the Governor of the State of Oklahoma; and

"Whereas, sufficient cause appearing to revoke said parole;

"Now, Therefore, I, Leon C. Phillips, The Governor of the State of Oklahoma, by virtue of the power and authority vested in me, do hereby revoke, cancel, set aside and annul the parole heretofore granted Toy Smith, Number 33620, and do hereby direct and order all sheriffs and other peace officers in the State of Oklahoma, to apprehend him wherever he may be found, take him into safe custody and convey him to the Oklahoma State Penitentiary at McAlester, Oklahoma, where he will serve out that portion of his sentence unfinished, according to the original sentence and judgment of the Court.

"In Witness Whereof, I have hereunto set my hand and caused to be affixed the Great Seal of the State of Oklahoma, at Oklahoma City, Oklahoma, this Fourteenth day of February, 1939.

"By the Governor of the State of Oklahoma:

"Attest:                                        "Leon C. Phillips.

"C. C. Childers,
"Secretary of State.

"(Seal)"

The power to pardon conferred by the Constitution on the Governor is practically unrestricted, and the exercise of executive clemency is a matter of discretion.

The Constitution, art. 6, sec. 10, Okla. St. Ann., provides:

"The Governor shall have power to grant, after conviction, reprieves, commutations, paroles, and pardons for all offenses, except cases of impeachment, upon such conditions and with such restrictions and limitations as he may deem proper, subject to such regulations as may be prescribed by law."

This power is not derived from legislation, and it is quite clear that, under any pretense of regulating its exercise, the supreme executive power could not be deprived of its constitutional authority in relation thereto, but provision may be made by legislation, which shall render the exercise of such a power convenient and efficient. Ex parte Ridley, 3 Okla. Cr. 350, 106 P. 549, 26 L.R.A., N.S., 110.

In Ex parte Horine, 11 Okla. Cr. 517, 148 P. 825, L.R.A. 1915F, 548, this court held:

"The Governor of the state has the power to annex to a pardon or parole any condition precedent or subsequent, provided it be not illegal, immoral, or impossible to be performed."

In the opinion it said:

"Upon its revocation the legal status of the petitioner must be regarded the same as it was before the parole was granted. It was not such a contract as entitled him to have a judicial determination of forfeiture, in the face of his stipulation that the Governor might revoke it 'for any other reason by him deemed sufficient'."

For the reasons stated the writ of habeas corpus will be denied. It is so ordered.

BAREFOOT and DAVENPORT, JJ., concur.