## In re FRANK MOSE.

No. A-10205. March 18, 1942.
(124 P. 2d 264.)

Allen & Allen, of Tulsa, for petitioner.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for the State.

BAREFOOT, P. J.   Petitioner, Frank Mose, has filed in this court his petition for writ of habeas corpus alleging that he is now restrained of his liberty and unlawfully imprisoned in the State Penitentiary at McAlester, Okla., by Fred Hunt as warden. It is alleged that said imprisonment is by reason of a conviction on a bur-

glary charge in Logan county on November 18, 1932, in which petitioner was sentenced to the State Penitentiary for a period of seven years. It is further alleged that he was granted a parole in 1934 and that Governor Leon C. Phillips had revoked this parole on the 12th day of August, 1941, and petitioner had been recommitted to the penitentiary to serve out the term of burglary for which he was convicted on November 18, 1932.

It is contended that the Governor is without jurisdiction or authority to so revoke the parole and that his present imprisonment is therefore illegal. No exhibits are attached to the petition nor was any evidence produced at the hearing to show cause. Briefs have been filed both by the petitioner and by the Attorney General in behalf of the warden of the penitentiary.

Petitioner states in his brief:

"There is the one paramount question before this court to be determined, viz., has the Governor the authority to revoke a parole after the time given for sentence to expire? If he has the writ should be denied."

This question has been answered by this court, and it is that the Governor has such authority. The cases of Ex parte Ridley, 3 Okla. Cr. 350, 106 P. 549, 26 L.R.A., N.S., 110, and Ex parte Butler, 40 Okla. Cr. 434, 269 P. 786, definitely decide this question. Petitioner refers to the Ridley Case and quotes the fourth paragraph of the syllabus, which is as follows:

"When a convict has been released upon a parole, and where said parole has been revoked by order of the Governor for violation of the conditions thereof, in the absence of a statute or of an express provision of the parole providing for a hearing, the convict is entitled to a hearing on habeas corpus, before the Criminal Court of Appeals, or the district court of the county where he is held, in order that he may show, if he can, that

he has performed the conditions of the parole, or that he has a legal excuse for having not done so, or that he is not the same person who was convicted."

An examination of the body of the opinion explaining when one is entitled to a writ of habeas corpus under the conditions above outlined, says:

"However, a convict who has been released upon a parole, and apprehended upon the revocation thereof, in the absence of a statute or of an express provision in the parole giving him the right to a hearing before a court having jurisdiction, may upon an application for writ of habeas corpus averring the facts show that he has fully performed the conditions of the parole, or that he has a legal excuse for not having done so, or that he is not the same person who was convicted. If it be determined upon the hearing of such application that there has not been a violation of or noncompliance with the condition or conditions of the parole, or if the petitioner shall show to the satisfaction of the court some valid reason or excuse for such violation or noncompliance, he should be discharged from custody; but, if a violation of, or noncompliance with, the condition or conditions of the parole be shown to the satisfaction of the court without any legal reason or excuse therefor, the petitioner should be remanded to custody, and ordered to have the original sentence imposed upon him duly executed, or so much thereof as has not been already suffered."

In the instant case there is nothing to show that there had been any hearing on the application or that the conditions of the parole had been broken or that the Governor had in any way exceeded the right given him under the Constitution and statutes to revoke the parole of one who had violated its terms.

In the first and second paragraphs of the syllabus of the case of Ex parte Butler, supra, it is stated:

"Under the constitutional provision conferring the pardoning power upon the Governor (Const. art. 6, § 10),

the Governor has exclusive power to parole a convict, with such restrictions and limitations as he may deem proper, and, upon a violation by such convict of the terms and conditions of his parole, the Governor has power to revoke the parole, and direct that such convict be re-arrested and returned to custody and required to serve out the unexpired part of the sentence of the court, as though no parole had been granted, even after the time his sentence would have ended but for the suspension thereof by the parole." .

"A convict was granted and accepted a parole which expressly provided that the Governor might revoke the same and remand the party to prison for a violation of the conditions, or 'for any other reason by him deemed sufficient.' Held, that the Governor may order the convict to be so remanded without notice to him, and without giving him an opportunity to be heard."

See, also, the following cases: Ex parte Foster, 60 Okla. Cr. 50, 61 P. 2d 37; Ex parte Horine, 11 Okla. Cr. 517, 148 P. 825, L.R.A. 1915F, 548; Ex parte Woodward, 58 Okla. Cr. 333, 53 P. 2d 288; Ex parte Collins, 32 Okla. Cr. 6, 239 P. 693.

It may be further stated that the decision in the Ridley Case was rendered on January 11, 1910. The Code Commission which prepared the 1910 Revised Laws drafted and incorporated into the 1910 Code section 4640. This section has been carried forward in all subsequent compilations, being section 3278, O. S. 1931; Title 57, § 346, O. S. A. and O. S. 1941, and is as follows:

"If a paroled convict shall at any time be guilty of a violation of any of the conditions of his parole, he may, upon the order of the Governor, be rearrested and recommitted, without further proceedings, to confinement for the remainder of, and under the terms of, his original sentence."

In 28 A.L.R. 947, the authorities are given in the notes reviewing the two lines of authorities upon this

question and the reasons followed in each instance are stated. It will be noted that the rule adopted in Oklahoma is in conformity with the decided weight of authority in other states.

For the reasons above stated, the writ of habeas corpus is denied.

JONES and DOYLE, JJ., concur.