## Ex parte JOE BARRETT.

No. A-10368. Dec. 30, 1942.
(132 P. 2d 657.)

Joe Barrett, in pro. per.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BAREFOOT, P. J. Petitioner, Joe Barrett, has filed in this court his petition for habeas corpus. In this petition he alleges that on or about April 20, 1930, petitioner was charged jointly with a man by the name of Rogers with conjoint robbery in Tulsa county; was convicted and

sentenced to the State Penitentiary; that said robbery charge was the outgrowth of a purported robbery of a street car motorman in Tulsa; that on the 5th day of October, 1931, petitioner was paroled by the Governor, Honorable William H. Murray; that on the 28th of January, 1935, petitioner was committed to the Kansas State Penitentiary for the crime of burglary; that he was paroled from the Kansas Penitentiary on the 1st day of May, 1939, and subsequently pardoned on the 10th day of June, 1941. Petitioner further alleges that the parole issued to him in the State of Oklahoma was revoked one year later because "he had married without the consent of those authorities".

Petitioner contends that the authorities of this state had no legal right to revoke his parole because of his marriage, and that he was of the opinion that he had been issued a pardon, instead of a parole. Petitioner is now confined in the State Penitentiary at McAlester.

No exhibits are attached to the petition, and no evidence has been offered to substantiate any of the allegations. From the above statement of facts it is clear that the allegations of the petition are not sufficient to cause this court to grant relief to petitioner by habeas corpus. There is nothing to show that the court in which defendant was tried did not have jurisdiction of petitioner and of the crime with which he stood charged. The Constitution gives to the Governor of this state the exclusive right of pardon and parole. He also has the right to revoke a parole when one has been granted.

This court in the case of Ex parte Smith, 65 Okla. Cr. 393, 87 P. 2d 1106, 1107, stated:

"The power to pardon conferred by the Constitution on the Governor is practically unrestricted, and the exercise of executive clemency is a matter of discretion.

"The Constitution, art. 6, sec. 10, Okla. St. Ann.,' provides:

" 'The Governor shall have power to grant, after conviction, reprieves, commutations, paroles, and pardons for all offenses, except cases of impeachment, upon such conditions and with such restrictions and limitations as he may deem proper, subject to such regulations as may be prescribed by law.'

"This power is not derived from legislation, and it is quite clear that, under any pretense of regulating its exercise, the supreme executive power could not be deprived of its constitutional authority in relation thereto, but provision may be made by legislation, which shall render the exercise of such a power convenient and efficient. Ex parte Ridley, 3 Okla. Cr. 350, 106 P. 549, 26 L.R.A., N.S., 110.

"In Ex parte Horine, 11 Okla. Cr. 517, 148 P. 825, L.R.A. 1915F, 548, this court held:

" 'The Governor of the state has the power to annex to a pardon or parole any condition precedent or subsequent, provided it be not illegal, immoral, or impossible to be performed.'

"In the opinion it said:

" 'Upon its revocation the legal status of the petitioner must be regarded the same as it was before the parole was granted. It was not such a contract as entitled him to have a judicial determination of forfeiture, in the face of his stipulation that the Governor might revoke it "for any other reason by him deemed sufficient." '

"For the reasons stated the writ of habeas corpus will be denied. It is so ordered." Ex parte Denton, 69 Okla. Cr. 204, 101 P. 2d 276.

The parole issued by the Governor does not appear in the record. There is nothing which enables this court to determine the terms thereof.

For the reasons above stated, the writ of habeas corpus is denied.

JONES and DOYLE, JJ., concur.