Application for Writ of Habeas Corpus, Clifton HINES, Petitioner.

H. C. McLeod, Warden, Oklahoma State Penitentiary, Respondent.

No. A–12204.

Criminal Court of Appeals of Oklahoma.

Nov. 9, 1955.

Clifton Hines, pro se.

Mac Q. Williamson, Atty. Gen., James P. Garrett, Asst. Atty. Gen., for respondent.

POWELL, Judge.

Under date of May 4, 1955, Clifton Hines filed in this court his petition for a writ of habeas corpus, alleging that he was illegally imprisoned in the State Penitentiary at McAlester by reason of a verdict of guilty rendered in cause No. 1556, wherein petitioner was charged with the crime of murder. The name of the court where the charge was filed is not set out, nor is a certified copy of the information and the judgment complained of attached to the petition. The petition is not verified.

This court has many times said:

"An unverified petition for habeas corpus with no certified copy of the information or judgment and sentence of the lower court attached to the petition, is insufficient to question the validity of the commitment by which the person is incarcerated in the penitentiary."

Ex parte Conway, 97 Okl.Cr. 1, 256 P.2d 189, and cases cited.

It is alleged that the defendant was sentenced to serve 50 years in the penitentiary whereas for the crime of murder the penalty assessed could only be death or a sentence for life, or for acquittal. It is then complained that petitioner was paroled on December 22, 1948, but that said parole was revoked without just cause on June 2, 1950, and for such reasons petitioner asserts that he is entitled to the writ.

The State has filed a response attached to which is a photostatic copy of a certified copy of the judgment and sentence complained of, from the district court of Nowata County, Oklahoma, case No. 1556, together with a certified copy of the verdict of the jury, and a certified copy of the court minutes made in connection with the case.

The judgment and sentence entered on April 16, 1942, recites that the defendant *Clifford* Hines, was tried for the crime of "Murder" and was found guilty of "said crime". The minutes of the court disclose that the defendant was found guilty of the included offense of "manslaughter in the first degree". The verdict of the jury also recites:

"We, the jury, drawn, impaneled and sworn in the above entitled cause do upon our oaths find the defendant Clifford Hines guilty of manslaughter in the first degree."

The punishment was fixed at fifty years confinement in the State Penitentiary.

As disclosed by a certified copy of the proceedings, the State, after the petition herein was filed, proceeded in the district court of Nowata County to apply for an order nunc pro tunc to correct the judgment and sentence complained of, to "speak the truth" and to show that although the defendant was charged with murder, that he was actually by the jury found guilty of the included offense of "manslaughter in the first degree", and it appears from the record that after proper notice to the defendant and to his attorney of record in the trial court that the district court of Nowata County, after hearing, entered an

order nunc pro tunc correcting the judgment and sentence in question to conform to the verdict actually rendered, and as prayed for in the application of the county attorney of Nowata County. The order so entered correcting the judgment and sentence effectively disposes of the first complaint of petitioner herein. See Ex parte Faulkenberry, 95 Okl.Cr. *259, 244* P.2d 324, 325; Ex parte Pruitt, 89 Okl.Cr. 312, 207 P.2d 337. In the Faulkenberry case we said:

"An order nunc pro tunc is the proper procedure to make an incomplete judgment and sentence speak the truth."

 The complaint by petitioner that his parole was revoked without just cause, even if true, would not constitute a ground for issuance of a writ of habeas corpus. The power to grant pardons, paroles, reprieves and commutations, except in cases of impeachment, is vested in the Governor by the Constitution of this State, upon such conditions and with such restrictions and limitations as he may deem proper, subject to such regulations as may be provided by law. A parole is granted as a matter of grace, and not as a matter of right. The Governor has a right to revoke a parole without notice, and without giving an opportunity to be heard. Ex parte Barnett, 75 Okl.Cr. 414, 132 P.2d 657; Ex parte Woodward, 58 Okl.Cr. 333, 53 P.2d 288.

For the reasons stated, the writ of habeas corpus is denied.

JONES, P. J., and BRETT, J., concur.