John JACKSON, Jr., Petitioner,

v.

R. R. RAINES, Warden, Oklahoma State Penitentiary, Respondent.

No. A–12898.

Court of Criminal Appeals of Oklahoma.

Sept. 21, 1960.

**1014** ◼

John Jackson, Jr., petitioner, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

POWELL, Presiding Judge.

Petitioner, John Jackson, Jr., No. 63183, is presently incarcerated in the State Penitentiary at McAlester by reason of a plea of guilty entered in the district court of Kingfisher County, Oklahoma, on a charge of attempted burglary, second degree. He was sentenced to eighteen months imprisonment.

◼ Petitioner complains of a hold order placed by the officials of Garfield County with the officials of the State Penitentiary at McAlester. He alleges that the evidence obtained against him in Garfield County was obtained illegally; that his car was searched without aid of a search warrant, and "what has been called stolen property was found". He seeks an order directed to the district court of Garfield County ordering the case dismissed. We assume, therefore, from the petition, that the case is pending in the district court of Garfield County. If this is true, petitioner would be entitled to a speedy trial. McLeod v. Graham, 6 Okl.Cr. 197, 118 P. 160; State ex rel. Sims v. Caruthers, 1 Okl.Cr. 428, 98 P. 474; Davidson v. State, 82 Okl. Cr. 402, 171 P.2d 640. But he does not ask that, or set out whether actually he has been bound over for trial, or even arrested on the Garfield County case. We do infer that a grand larceny case is pending, either in the court of an examining magistrate or in the district court of Garfield County, and petitioner wants such case dismissed because he says the evidence was obtained illegally. That is a matter to be brought up in the case below, and not here, except on appeal.

If the case is pending in the district court of Garfield County, petitioner on proper showing under our holdings in the above cited cases could obtain either a dismissal or a speedy trial, depending upon the facts, and raise the issue now attempted to be raised in an appeal to this Court.

◼ As the matter now stands, under the allegations of the present petition, we are governed by Ex parte Matthews, 85 Okl. Cr. 173, 186 P.2d 840, 842, and other such cases, where it is said:

"Where a prisoner in custody under sentence of conviction seeks to be discharged on habeas corpus, the inquiry is limited to the questions whether the court in which the prisoner was convicted had jurisdiction of the person of the defendant and of the crime charged, and did the court have jurisdiction to render the particular judgment."

Petition denied.

NIX and BRETT, JJ., concur.