**Leonard GOFORTH, Petitioner,**

v.

**Robert R. RAINES, Warden, Oklahoma State Penitentiary, Respondent.**

**No. A–13005.**

Court of Criminal Appeals of Oklahoma.

April 12, 1961.

Leonard Goforth, petitioner, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

BRETT, Judge.

This case originates in this Court by an application of the petitioner, Leonard Goforth, for the purpose of securing his release from confinement in the State Penitentiary at McAlester by writ of habeas corpus.

The Attorney General has filed a response on behalf of the Warden, attaching copy of the judgment and sentence and a copy of petitioner's prison record; and we have examined the files in the office of the Pardon and Parole Board.

The records before us indicate that this petitioner was sentenced in McIntosh County, Oklahoma on November 8, 1959 to serve a term of two years in the State Penitentiary for the crime of burglary in the second degree, conjoint. The case was appealed to this Court, and on January 21, 1959 was affirmed. Goforth et al. v. State, Okl.Cr., 334 P.2d 797.

Petitioner was granted a parole from the penitentiary on November 4, 1959, and on July 23, 1960 was arrested in Muskogee County, Oklahoma by federal authorities and charged with possession of, and passing counterfeit $100 Federal Reserve notes. He was released on $10,000 bond. His parole from the Oklahoma State Penitentiary was revoked on October 10, 1960 and he was picked up by the State authorities and returned to the penitentiary at McAlester on October 25, 1960 to serve out his term.

On November 12, 1960 custody of petitioner was temporarily delivered by the Warden to the federal authorities, and he was taken to Muskogee and tried, along with other defendants November 14–16, 1960.

The record before us does not indicate that this petitioner was delivered to the federal authorities without his consent, or against his will. The State authorities permitted the federal officers to take petitioner to Muskogee for the purpose of trial, but did not release jurisdiction over the prisoner. It appears that in consideration of the co-operation of the petitioner in the prosecution of the federal case, petitioner received a lighter sentence than six other defendants convicted with him. Petitioner was sentenced on December 1, 1960 to four and a half years in the federal penitentiary, such term to begin at the expiration of the term in the Oklahoma Penitentiary. On December 3, 1960 he was returned to McAlester, and on the same day a hold order

was placed on him for the federal authorities.

■ This Court has repeatedly held that where a defendant has been convicted in the district court, has appealed his conviction to this Court and the same has been affirmed, the Court of Criminal Appeals will not review the case again on petition for writ of habeas corpus. Ex parte Baker, 76 Okl.Cr. 396, 137 P.2d 242; In re Simpson, Okl.Cr., 353 P.2d 28, and cases cited.

But this petitioner does not question the proceedings had in the district court of McIntosh County, or the results of the appeal to this Court. His only contention for release at this time is that the State of Oklahoma lost jurisdiction when it turned the petitioner over to the federal authorities on November 12, 1960, and that he is now entitled to be discharged from the State Penitentiary.

■ We have repeatedly held that where a prisoner is in custody under sentence of conviction, our inquiry is limited to the questions of whether the court in which the prisoner was convicted had jurisdiction of the person of the defendant, of the crime charged, and jurisdiction to render the particular judgment. Ex parte Matthews, 85 Okl.Cr. 173, 186 P.2d 840; Ex parte Barrett, 75 Okl.Cr. 414, 132 P.2d 657, and cases cited.

■■ When the prisoner was returned to the State of Oklahoma after the revocation of his parole and for the purpose of serving out his sentence, he was the prisoner of the State of Oklahoma, and it could not, without its consent, be deprived of custody by the federal authorities until the State of Oklahoma was through with him. The State of Oklahoma released Goforth temporarily to the federal authorities for trial and hearing in Muskogee County without completely surrendering its prior jurisdiction and its right of custody over him. Moreover, the prior right of the State of Oklahoma continued unchanged until the exercise of its powers had been exhausted or until its jurisdiction was waived or he was discharged according to law. The federal authorities returned the prisoner to the Warden of the State Penitentiary because the law did not authorize them to do otherwise. Ex parte Yoder, Okl.Cr., 298 P.2d 1083; Adams v. Waters, 94 Okl.Cr. 428, 237 P.2d 914.

In Werntz v. Looney, 10 Cir., 208 F.2d 102, 103, it was said:

"A prisoner may be taken from custody of one sovereign, with its consent, to be tried in courts of another without loss of right to possession of prisoner."

This rule applies to the federal authorities obtaining temporary custody of a prisoner for trial from the state government.

It is thus apparent that there being no defects of jurisdiction as far as the judgment and sentence in McIntosh County is concerned, and that the prisoner is now lawfully confined in the State Penitentiary, it follows that relief by habeas corpus must be, and is denied.

BUSSEY, J., concurs.

NIX, Presiding Judge.

There are parts of the majority opinion with which I do not agree. When one state releases a prisoner to another sovereignty without the prisoner's consent, I feel that the surrendering state has waived jurisdiction. I have expressed my opinion rather thoroughly regarding this matter in the dissenting opinion in the case of Ex parte Langley, Okl.Cr., 325 P.2d 1094.