Leroy CARTER, #66083, Petitioner,

v.

Bill KELLY, Court Clerk, Muskogee County District Court, Respondent.

No. A-13238.

Court of Criminal Appeals of Oklahoma.

June 20, 1962.

Leroy Carter, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., John D. Luton, County Atty., and Hardy Summers, Asst. County Atty., Muskogee County, for respondent.

BRETT, Judge.

This is aboriginal application by Leroy Carter for a writ of mandamus directed to the district court of Muskogee County, Oklahoma, ordering the preparation of a case made in case No. 10323 in said court, styled State of Oklahoma v. Leroy Carter, wherein this petitioner was on November 21, 1961 convicted of the crime of burglary.

The petitioner seeks said case made for the alleged sole and only purpose of filing a petition for writ of habeas corpus in this court.

Rule to show cause was issued, and the county attorney of Muskogee County has filed a response in which he denies that the petitioner has ever made application for transcript in Muskogee County, and denies that the district court has refused to furnish such transcript, as alleged by the petitioner; and further calls attention to the fact that time to perfect an appeal has long since expired.

Since habeas corpus goes only to the matter of jurisdiction, a case made or transcript is not necessary. A certified or photostatic copy of the information, and of the judgment and sentence is all that is necessary in order to file a petition for habeas corpus, inquiry by the Court of Criminal Appeals in habeas corpus matters being limited to the questions of whether the court in which the prisoner was convicted had jurisdiction of the person of the defendant, and of the crime charged, and

whether the court had jurisdiction to render the particular judgment. Goforth v. Raines, Okl.Cr., 361 P.2d 304; Jackson v. Raines, Okl.Cr., 355 P.2d 1013.

The petition herein wholly fails to state facts warranting this court to grant the relief prayed for.

The petition for writ of mandamus is denied.

NIX, P. J., and BUSSEY, J., concur.