**Ealic QUALLS, Petitioner,**

v.

**The STATE of Oklahoma, and the District Court of Carter County, Okla., Respondents.**

**No. A–13336.**

Court of Criminal Appeals of Oklahoma.

April 24, 1963.

Ealic Qualls, petitioner, pro se.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

NIX, Judge.

This is an original petition in Mandamus by Ealic Qualls, being one and the same person as Ealia Qualls, Inmate #62379, for a casemade from the District Court of Carter County, Oklahoma.

Petitioner was sentenced to life imprisonment for the crime of Murder on June 5, 1959, and seeks a casemade for the purpose of testing the legality of his conviction and sentence.

■ Title 22 O.S.A. § 1054 provides that in felony cases, an appeal must be taken within six months (amended to three months in 1961) after judgment is rendered. This provision of the statute is mandatory, and must be strictly followed, and this Court cannot entertain an appeal not perfected within such time. In the case of In re Application of Miller, 87 Okl.Cr. 423, 198 P.2d 755, this Court said:

"There is no statute in this state which permits this court to issue an order requiring the district court to furnish a transcript of casemade after the time has expired for taking an appeal in a criminal case."

See, also, Graham v. State, Okl.Cr., 372 P.2d 887, and cases cited therein.

■ Since petitioners time for appeal has long since expired, his only source of relief would be by habeas corpus. Since habeas corpus goes only on the matter of jurisdiction, a casemade or transcript is not necessary. A certified or photostatic copy of the Information, and of the Judgment and Sentence is all that is necessary in order to file a petition for habeas corpus, inquiry by the Court of Criminal Appeals in habeas corpus proceedings being limited to the questions of whether the court in which the prisoner was convicted had jurisdiction of the person of the defendant, and of the crime charged, and whether the court had jurisdiction to render the particular judgment. Goforth v. Raines, Okl.Cr., 361 P.2d 304; Jackson v. Raines, Okl.Cr., 355 P.2d

1013. It was further stated in the case of Carter v. Kelly, Okl.Cr., 372 P.2d 889, that:

"Where the only stated reason for requesting casemade at expense of trial court, after time for filing appeal has expired, is to file petition for writ of habeas corpus, it would be vain act to issue a mandate to the trial court to cause such casemade to be prepared, since Court of Criminal Appeals could consider only jurisdictional matters in habeas corpus proceeding."

For the above reasons, application for Writ of Habeas Corpus is accordingly denied.

BUSSEY, P. J., and JOHNSON, J., concur.