Joe David MURRAY, #57627, Petitioner,

v.

The STATE of Oklahoma, Respondent.

No. A–14697.

Court of Criminal Appeals of Oklahoma.

July 24, 1968.

Joe David Murray, pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

BUSSEY, Judge:

This is an original proceeding wherein petitioner seeks his release from confinement in the State Penitentiary at McAlester, where he is currently incarcerated by virtue of a judgment and sentence rendered against him in the District Court of Oklahoma County, wherein he was sentenced to serve a term of 25 years imprisonment in the State Penitentiary for the crime of Kidnapping.

As grounds for his release, petitioner alleges that he was paroled by the State of Oklahoma and that subsequent to his parole he was incarcerated in the Federal Penitentiary on a sentence from which he had been previously paroled for a violation of the terms and conditions of said parole. Subsequent to his incarceration in the Federal Penitentiary, his parole was revoked by the Governor of the State of Oklahoma without hearing or the appointment of counsel for said petitioner, and a detainer warrant was placed against said petitioner with the federal authorities. In 1965 he was released by the federal authorities to the Oklahoma authorities and re-imprisoned under the judgment and sentence rendered against him in the District Court of Oklahoma County for the crime of Kidnapping, under authority and by virtue of the Order of the Governor revoking his parole.

Petitioner urges that before a parole may be revoked he must receive notice of said hearing, be represented by counsel at said hearing, and to have the right to be confronted with the witnesses appearing against him. He argues that a denial of these rights is a denial of his constitutional rights under the Federal Constitution, made obligatory upon the states by the 14th Amendment of the Federal Constitution, and argues that 57 O.S. § 346 is unconstitutional. Title 57 O.S. § 346 provides:

"If a paroled convict shall at any time be guilty of a violation of any of the conditions of his parole, he may, upon the order of the Governor, be re-arrested and recommitted, without further proceedings, to confinement for the remainder of, and under the terms of, his original sentence."

We have repeatedly held:

"A convict who is granted and accepts a parole which expressly provides that the governor may revoke the same and remand the party to prison for a violation of the conditions, or 'for any other reason by him deemed sufficient.' Held, that the governor may order the convict to be so remanded without notice to him, and without giving him an opportunity to be heard."

See Ex parte Mose, 74 Okl.Cr. 134, 124 P. 2d 264.

We are of the opinion that when the Governor of the State of Oklahoma, acting under the authority of 57 O.S. § 346 revokes a parole previously granted, for a violation of the terms and conditions of said parole, without notice and without conducting a hearing, such action on behalf of the Chief Executive does not violate any of the constitutional rights of said parolee. For the reasons above set forth, the writ prayed for is denied. Writ denied.

NIX, P. J., and BRETT, J., concur.