Joe David **MURRAY**, Petitioner,

v.

**Ray H. PAGE**, Warden, Respondent.

Civ. No. 69–336.

United States District Court
W. D. Oklahoma.

Nov. 14, 1969.

L. E. Stringer and Clyde Muchmore, Oklahoma City, Okl., for petitioner.

H. L. McConnell, Asst. Atty. Gen., Oklahoma City, Okl., for respondent.

## ORDER

DAUGHERTY, District Judge.

After first having exhausted his state remedies in Murray v. State, 444 P.2d 236 (Okl.Cr.1968), cert. denied (No. 1032 Misc.) 393 U.S. 1059, 89 S.Ct. 702, 21 L.Ed.2d 701, Petitioner seeks under the provisions of 28 U.S.C.A. § 2254 a writ of habeas corpus in this Court on the sole ground that the revocation of his parole from an Oklahoma sentence while he was in federal custody without a hearing of any kind denied him due process of law under the Fourteenth Amendment to the United States Constitution. Respondents urge that Petitioner does not present a federal question, and this Court has no jurisdiction according to 28 U.S.C.A. § 2254(a).

Rose v. Haskins, 388 F.2d 91 (Sixth Cir. 1968), states the well-recognized rule that a state prisoner has no federal constitutional right to a hearing on a state parole revocation. This case held:

"The constitutional rights of Rose, which he claims were violated, apply prior to conviction. They are not applicable to a convicted felon whose convictions and sentences are valid and unassailable, and whose sentences have not been served. A state prisoner does not have a constitutional right to a hearing on a state parole revocation.

In 67 C.J.S. Pardons § 23, p. 619, the rule is stated:

'A parolee has no constitutional right to a hearing on the question of revoking his parole; and, in the absence of a statutory provision for notice and hearing, a parole may be revoked without such notice and hearing, whether authority to revoke is vested in the governor, the court or judge granting the parole, the board of parole, prison commissioners, or an adult authority.'

\* \* \* \* \* \*

Even in the federal parole system, where Congress has provided for a hearing in parole revocation proceedings, the hearing is limited and does not approach a judicial proceeding. Hyser v. Reed [115 U.S.App.D.C. 254], 318 F.2d 225 (1963)."

The United States Court of Appeals for our Circuit has stated in Williams v. Patterson, 389 F.2d 374 (Tenth Cir. 1968), that, "Parole is a matter of grace." and, "We are unwilling to superintend the administration of a state parole sys-

tem." This conforms to the principle stated in Rose v. Haskins, supra.

It appears from Respondent's Supplemental Response that Petitioner's parole was revoked by the Governor of Oklahoma on March 16, 1965. According to two recent decisions of the Oklahoma Court of Criminal Appeals, Petitioner was not entitled to a hearing on a revocation of his parole on that date under state law. Conn v. Page, 462 P.2d 346 (Okl.Cr.1969); Chase v. Page, 456 P.2d 590 (Okl.Cr.1969).[1] In the latter case, the court established for the first time the right of a prisoner to an administrative hearing as a matter of state law upon revocation of his parole. The hearing could be conducted by the office of the governor either before or after revocation. It is not a formal hearing as one conducted before a court but an informal hearing conducted on an administrative level. However, even this limited right was specifically held to exist only prospectively from and after the date of that opinion, June 18, 1969. This ruling was reaffirmed in Conn v. Page, supra, where the prisoner's parole was revoked on April 16, 1969. The court denied relief because the revocation of parole had occurred before the date of its opinion in Chase v. Page, supra. Thus, it appears that Petitioner had no right to a parole revocation hearing based on state law when his parole was revoked on March 16, 1965. The cases and argument relied upon by Petitioner are not in point.

Petitioner's Motion for Summary Judgment is, therefore, denied. Petitioner's Motion for Oral Argument is also denied, as this case presents only a matter of law which is clear cut in this State and Circuit.

The Petition for Writ of Habeas Corpus is dismissed for failure of same to present a federal constitutional question.

---

1. Prior to these cases, the Oklahoma Courts had stated that the Governor could revoke a parole without notice or hearing under Oklahoma law. Wright v. Page, 414 P.2d 570 (Okl.Cr.1966); Application of Hines, 289 P.2d 972 (Okl.Cr. 1955).