PAROLE VIOLATIONS — PERSONS RESPONSIBLE FOR REPORTING AND RECOMMENDING Both the Deputy Director, Division of Probation and Parole, Department of Corrections, and the Pardon and Parole Board have a duty to report and make recommendations to the Governor on alleged parole violations. The Attorney General has had under consideration your request for an opinion on, ". . . whether a recommendation for revocation of parole is to be made to the Governor by the Deputy Director, Division of Probation and Parole, Department of Corrections, or by the State Pardon and Parole Board." Your inquiry obviously is directed at determining whose formal duty it is to recommend parole revocations to the Governor, and we limit ourselves to this determination in this opinion. However, a rather extensive review of the State's parole law history is necessary to this determination. Prior to 1944, sole power to grant paroles was vested in the Governor by Article VI, Section 10 State Constitution. The early case of Ex parte Ridley, 3 Okl. Cr. 350,106 P. 549 (1910), held that this constitutional power of the Governor could not be abridged by a statutorily created Board of Pardons. Ex parte Ridley also held inter alia that the Governor had sole power to revoke paroles. In 1944 by referendum vote the people of the State adopted a new Section 10 to Article VI of the State Constitution and created a constitutional Pardon and Parole Board with the further and clear constitutional provision that the Governor could grant paroles only after recommendation by this Board. The 1944 constitutional amendment itself was silent as to any power to revoke paroles, but certain statutes (notably what now appear as 57 O.S. 332.1 [57-332.1] — 57 O.S. 332.14 [57-332.14] (1961), and 57 O.S. 332.4 [57-332.4] (1969)) enacted at least partially in implementation of it obviously contemplated that the Governor would continue to have sole power to revoke paroles. Particularly pertinent in these implementing statutes is 57 O.S. 332.5 [57-332.5] (1961), which created the Office of Pardon and Parole Officer and made it a duty for said officer to serve as executive clerk of the Pardon and Parole Board. Said 57 O.S. 332.5 [57-332.5] also made it a duty of the Pardon and Parole Officer to report parole violators to the Governor and to make investigations of parole violations at the request of the Governor. Sections 57 O.S. 332.11 [57-332.11] and 57 O.S. 332.12 [57-332.12] [57-332.12] of the aforementioned implementing statutes even more specifically made it the duty of the Pardon and Parole Officer to investigate parole violations, to issue warrants of arrest for alleged parole violators, and to make application to the Governor for revocation of paroles. Furthermore, at the time these implementive statutes were being enacted there was no repeal of what is now 57 O.S. 346 [57-346] (1961), which provides: "If a paroled convict shall at any time be guilty of a violation of any of the conditions of his parole, he may, upon the order of the Governor, be re arrested and recommitted, without further proceedings, to confinement for the remainder of, and under the terms of, his original sentence." This just quoted statute dates from statehood and has not been repealed or amended. It was approvingly quoted and upheld in toto as recently as 1968 in the case of Murray v. State, Okl. Cr., 444 P.2d 236. However, in 1969, in the case of Chase v. Page, Okl. Cr., 456 P.2d 590, the Court of Criminal Appeals again quoted this statute and held in effect that it did not authorize the Governor to revoke paroles summarily. That is to say, Chase v. Page held that a limited due process of law applies to parolees and that this in turn requires at the least the giving of notice of the revocation reason and an opportunity to be heard on whether the conditions of parole have in fact been violated. The opinion states that this should be done in an "administrative hearing." Both Murray v. State, supra, and Chase v. Page, supra, were decided subsequent to the enactment of the Oklahoma Corrections Act of 1967, which in its present amended form appears as 57 O.S. 501 [57-501] — 59 O.S. 524 [59-524] (1969). The Corrections Act of 1967 was a comprehensive enactment obviously intended to provide for the administration of the State's entire penal and correctional system. Within the Department of Corrections there was created a Division of Probation and Parole with duties quite similar to although more extensive than those previously being performed by the Pardon and Parole Officer and his staff. We take note of the fact that the incumbent Pardon and Parole Officer ceased to serve as such and assumed duties as the Deputy Director of the Division of Probation and Parole of the Department of Corrections upon the effective date of the Corrections Act of 1967. This was despite the fact that 332.5, supra, was not repealed by the 1967 Act. It probably was intent of the Legislature to abolish the office of Pardon and Parole Officer. We note that the title of the Corrections Act of 1967 states that it repeals " . . . 57 O.S. 132 [57-132] to 57 O.S. 137 [57-137] (1961), INCLUSIVE, AND 139 to 332.14, INCLUSIVE . . ." (Emphasis added) The repealer section in the body of the Act specifies the repeal of " . . . 57 O.S. 1961 132 [57-132] to 137, inclusive, and 139 to 207, inclusive, and 221 to 324, inclusive. . ." It is the body of the Act which controls, of course. 82 C.J.S., Statutes, 350. Provisions of the Corrections Act of 1967 particularly pertinent to your inquiry are 57 O.S. 514 [57-514] (1969), and 57 O.S. 516 [57-516]. Section 57 O.S. 514 [57-514] provides, in pertinent part: "The Division of Probation and Parole of the Department of Corrections shall: "(d) Report to the Pardon and Parole Board, for recommendation to the Governor, violations of terms and conditions of paroles;" And 57 O.S. 516 [57-516] provides: "The Probation-Parole Officer shall upon information sufficient to give him reasonable grounds to believe that the parolee has violated the terms of and conditions of his parole, notify the Deputy Director of the Division of Probation and Parole. Said Deputy, if he determines that the facts justify such action, shall issue a warrant for the arrest of any such parolee and any such warrant shall have the force and effect of any warrant of arrest issued by a District Court in this State. Any such parolee shall, after arrest be immediately incarcerated in the nearest county jail to await action of the Governor as to revocation of his parole." Considering these two sections of the Corrections Act alone it would seem that the Deputy Director, once he has caused the arrest and incarceration of an alleged parole violator, has only the duty to report same to the Pardon and Parole Board, which in turn then has the duty to make a recommendation to the Governor. However, we feel we must construe these two sections together with the aforementioned 57 O.S. 332.5 [57-332.5], 57 O.S. 332.11 [57-332.11], and 57 O.S. 332.12 [57-332.12], and take note of the fact that the Division of Probation and Parole is presently performing the duties previously performed by the Pardon and Parole Officer. The foregoing considered, we are of the opinion that the Deputy Director, Division of Probation and Parole, Department of Corrections, has a duty to report and make recommendations on alleged parole violators to the Governor. We are of the further opinion that the Pardon and Parole Board also has a duty to make recommendations on alleged parole violators to the Governor, per 57 O.S. 514 [57-514] (1969). In summary, under the present status of the law and the facts which we have noted herein, it is the opinion of the Attorney General that both the Deputy Director, Division of Probation and Parole, Department of Corrections, and the Pardon and Parole Board are required to make recommendations to the Governor relating to alleged parole violators. We express no opinion herein on how either the Deputy Director or the Board is to arrive at a recommendation, or whether a recommendation from either or both is necessary before the Governor may revoke a parole. And, as to whether the procedure of making a recommendation meets the requirement of Chase v. Page, supra, see 2 Okl. Op. A.G. 202 (Opinion No. 69-253); also 57 O.S. 332.9 [57-332.9] (1961). (Hugh H. Collum)