197 P.2d 902

## NEW MEXICO DEPARTMENT OF PUBLIC WELFARE v. CROMER.

### No. 5090.

Supreme Court of New Mexico.

Sept. 20, 1948.

Otto Smith and Earl E. Hartley, both of Clovis, for appellant.

C. C. McCulloh, Atty. Gen., and William R. Federici and Robert W. Ward, Asst. Attys. Gen., for appellee.

BRICE, Chief Justice.

The relator, a New Mexico public corporation, filed a petition in the district court, praying for a writ of habeas corpus, the object of which was to obtain possession of June Whitley Johnson, a female child seven or eight months old. The relator (it is alleged) had placed the child with the respondent for "the purpose of

boarding said June Whitley Johnson until such time as the New Mexico Department of Public Welfare (relator) could place her for adoption, pursuant to an agreement entered into between the child's mother" and the relator.

The fourth paragraph of the petition for the writ is in words as follows: "That said imprisonment or restraint is illegal in that it seeks to set aside and nullify the agreement for custody and disposition entered into between petitioner and June Whitley Johnson's guardian, and is contrary to that which is best for the welfare of said June Whitley Johnson."

The return to the writ is in substance an answer and an application for the custody of the child and for general relief. The trial court made the following findings of fact and conclusions of law:

"That the petitioner, New Mexico Department of Public Welfare, is a public corporation and an agency of the State of New Mexico.

"That June Whitley Johnson, the subject of this petition, is an infant female child, having been born December 18th, 1946; that the mother of said child is Flora Johnson Fountain. That the father of said child is unknown. And that said child was not born in wedlock.

"That the natural mother of said child has heretofore given custody of the child to the New Mexico Department of Public Welfare and has consented to the adoption of said child by any person or persons approved by the said Department of Public Welfare.

"That the said June Whitley Johnson has been supported by the New Mexico Department of Public Welfare since January 15th, 1947, in the home of the Respondent.

"That the petitioner, New Mexico Department of Public Welfare, has found a home in which it desires to place the child for adoption.

"That the respondent refuses to deliver up the said June Whitley Johnson to the New Mexico Department of Public Welfare.

"That the welfare of the said June Whitley Johnson will be best served by removal of said child from the home of the respondent and the placing of said child for adoption in a home duly approved by the petitioner.

"That the relief sought by the petitioner should be granted.

"Based upon the foregoing findings of fact, the court concludes:

## "Conclusions of Law

"That the court has jurisdiction of the persons and subject matter involved herein.

"That said child, June Whitley Johnson, is a dependent and neglected child as de-

fined by the laws of the State of New Mexico.

"That the New Mexico Department of Public Welfare is now, and has been since January 15th, 1947, entitled to the custody of the said June Whitley Johnson and that the respondent's rights in the premises are inferior to the rights of the said Department of Public Welfare."

■ The respondent's first point is as follows: "A writ of habeas corpus will not be granted where relief may be had, or could have been procured, by resort to another general remedy."

It is true that there is a complete remedy provided by law whereby an alleged dependent and neglected child may be brought before the district court for inquiry regarding its condition, and to make it a ward of the court (if the facts justify such action) until it can be legally adopted. Art. 2, Ch. 44, N.M.Sts.1941.

We have no doubt but that this procedure should have been followed, but the court had jurisdiction to issue the writ, 25 A.J. "Habeas Corpus", Sec. 78, and the statutory remedy is not exclusive, Kennedy v. Meara, 127 Ga. 68, 56 S.E. 243, 9 Ann.Cas. 396, and see 27 A.J. "Infants", Sec. 111.

■ The relator originally had possession of the child and delivered it to respondent for care and attention, for which it paid her a consideration. As between the two, the relator was entitled to its possession. But dependent and neglected children are placed under the jurisdiction and control of the district court, and the right of possession as between the two litigants does not preclude the district court from exercising its jurisdiction by making the child its ward, and making such disposition of it thereafter as in its considered judgment is for the child's best interest.

The pleadings, evidence, briefs and findings all raise questions of fact and law necessary to the determination by the court of whether it should make the child its ward, and thereafter exercise its full jurisdiction, rules and regulation of appellee board to the contrary notwithstanding.

■ Among the conclusions of law (which are set out in this opinion) is the following: "That said child, June Whitley Johnson, is a dependent and neglected child as defined by the laws of the State of New Mexico." This, we think, is an ultimate fact and we will consider it so. In the trial court's "Memorandum Decision," which is not in fact a part of "The Decision of the Court," it was held that the child in question was a dependent and neglected child. The court stated: "As such, the child, as a dependent and neglected child, is made a ward of this court." But this was omitted from the judgment, no doubt by inadvertence.

A dependent and neglected child is defined as follows: "The words 'dependent and neglected' child as used in this act (§§ 44-201–44-207) mean any child, of either sex, under the age of sixteen (16) years, who is destitute, homeless or abandoned or dependent upon the public for support or has not proper parental care or guardianship; or is found begging or soliciting or receiving alms; or is found in any house of prostitution or living with any vicious or disreputable person; or who has no responsible parent or guardian, or who has a home which by reason of neglect, abuse, mistreatment, cruelty or depravity on the part of its parents, guardians or the person in whose care it may be, is an unfit place for such child." Sec. 44-202, N.M.Sts.1941.

The court having found that the child in question was a dependent and neglected child, it followed that that court had exclusive jurisdiction of all matters relating to its care, treatment, control and disposition, as provided by Sec. 44-201, N.M.Sts. 1941; and of course may yet make it a ward of the court.

The respondent has become greatly attached to the child, as often happens in such cases. It was premature, only a few weeks old, sick, and weighed only four and a half pounds when delivered to her. Apparently it had been negligently cared for, whether by an agent of relator, the record does not disclose. It had a serious burn on one leg, and its condition was so precarious that the relator's agent, it seems, did not expect it to live. By almost constant nursing and the best of care the respondent probably saved the child's life. She is now over seven months old, apparently in good health, which is indicated by the fact that she weighs more than eleven pounds. She was under the care of respondent for about six months.

The district court stated that the respondent's home would be a good home for the child, and from the evidence in the case we are satisfied that this is correct. That court is not bound by any prearranged disposition of the child by relator, in fact the relator has no authority to place the child in any home temporarily or otherwise without the consent of the district court, after the child has been declared a ward of the court. Neither should the court be unduly influenced by the respondent's love for the child, although this is a matter of prime importance in the selection of foster parents. The welfare of a child is its first and paramount consideration.

The writer agrees with the district court that "the most difficult thing that can confront a court is what to do regarding the custody of a small child." This is the experience of the writer as a trial judge for many years. While temporary custody has been given to the relator, the question is

still open as to what should ultimately be done with this child.

The persons to whom respondent proposes to turn over its temporary custody with a view to its adoption, are unknown to the court, although they were investigated by the relator to determine whether they were proper persons to become foster parents; but not of this particular child.

There is much in the respondent's favor in this case. She probably saved the child's life, but that can only be considered by the court in determining the ultimate welfare of the infant.

The judgment of the district court should be affirmed, and it is so ordered.

LUJAN, SADLER, McGHEE and COMPTON, JJ., concur.