## Ex parte WOODWORTH.

No. A-11421. Sept. 20, 1950.

(222 P. 2d 528.)

S. E. McDonald, Oklahoma City, for petitioner.

Mac Q. Willamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BRETT, J.   This is an original proceeding in habeas corpus brought by Edith Lavina Woodworth as petitioner, against Mrs. Merle E. Fuller, Superintendent of Girls Town, Tecumseh, Oklahoma, as respondent.

In her petition she alleges the cause of her restraint is that on February 1, 1950, the juvenile court of Oklahoma county, Oklahoma, revoked a parole granted petitioner on June 22, 1949, and committed petitioner to Girls Town.   The petitioner complains that, (1) she was not notified of or permitted to be present at the hearing on the revocation of her parole, but was confined in the county jail in violation of sections 7 and 20, of article II, Oklahoma Constitution,   (2) she contends that at the time of said revocation she was past 16 years of age and the court had no jurisdiction to commit her to Girls Town.

To this petition the state filed its demurrer setting forth that:   (1) said petition does not state facts sufficient to warrant granting the writ of habeas corpus, and   (2) that there is no constitutional or statutory provision requiring notice to be given a child who has theretofore, and regularly been found to be a juvenile delinquent and who has thereby become a ward of the court. Being such ward of the court, the state contends, the juvenile is subject to the continuing jurisdiction of the

court, and said delinquent may be committed to custody as is authorized by law; (3) that under Title 10, § 111, O.S. 1941, as amended in 1945, 10 O.S. Supp. § 111, under the court's continuing jurisdiction of a female child having been adjudged a delinquent before reaching her 16th birthday is subject to commitment to an institution until she reaches her 18th birthday.

It has been held by this court that the juvenile court is one of limited and special jurisdiction and the procedure therefore being purely statutory we must look to the statute for its prescriptions. Ex parte Parnell, 19 Okla. Cr. 273, 200 P. 456; Ex parte Lewis, 85 Okla. Cr. 322, 188 P. 2d 367. In the original proceeding upon the filing of a petition, to acquire jurisdiction of the juvenile as a delinquent child, notice by summons must be served upon the person having custody or control of the child or with whom the child may be living to appear with said child, at a place and designated time, not less than 24 hours after service thereof. Title 10, § 106, O.S. 1941. Ex parte Lewis, supra. Attendance of said person and child thus being had in juvenile court jurisdiction over said child's person attaches. If adjudged a juvenile delinquent the court may dispose of said child as provided in Title 10, § 111, O.S. 1941. Ex parte Lewis, supra. In the case at bar it conclusively appears that jurisdiction having attached, under the foregoing provisions, the juvenile court of Oklahoma county made and entered its order regular in form, adjudging Edith Lavina Woodworth under the age of 16 years to be a juvenile delinquent and ordering said child committed to Girls Town at Tecumseh, Oklahoma, but placing her on parole in the custody of her mother "until further order of the court". The provisions of Title 10, § 112, O.S. 1941, read in part as follows, to wit: "Every child who shall have

been adjudged delinquent, whether allowed to remain at home, or placed in a home, or committed to an institution, shall continue to be a ward of the court until such child shall have been discharged as such ward by order of court, or shall have reached the age of" majority. Thus the court had continuing jurisdiction until this delinquent had reached the age of 18 years. Ex parte Sweeden, 84 Okla. Cr. 127, 179 P. 2d 695. In case of boys the age is 21 years.

It further appears that, on January 30, 1950, the petitioner and a number of other persons were arrested by the Oklahoma City Police Department. Their ages were from 14 to 21. Thereafter, and on February 1st, under his continuing power, Honorable C. J. Blinn, judge of the juvenile court, after hearing, but without the petitioner's presence, revoked the petitioner's parole and ordered her committed to Girls Town at Tecumseh, Oklahoma. It is contended by the petitioner that this ex parte order of revocation is invalid. With this contention we cannot agree. The record is silent as to the conditions of the parole. But this court will take judicial notice of the fact that one of the conditions thereof was that the petitioner would shun evil associates and refrain from law violations. The admitted character of the petitioner's associations and the conditions surrounding the petitioner's arrest and incarceration, affords ample evidence, in the absence of proof to the contrary, that the petitioner had violated the conditions of her parole. The petitioner, though on parole, and being subject to the court's continuing jurisdiction and further orders, was subject to such orders of the juvenile court which were not illegal, immoral or impossible of performance. Upon revocation of petitioner's parole by the juvenile court her status must be regarded the same as it was

before parole. The parole was not such a condition as entitled petitioner to notice and a judicial determination of forfeiture of the parole, in face of its conditions and the petitioner's conduct. In the first place, this is a statutory procedure, and the statutes do not provide for notice to the juvenile on a parole revocation. We will not read a requirement into the law not expressly provided or necessarily implied. Certainly no such notice is implied. By the same token the Governor may revoke a parole without notice to the parolee. Ex parte Smith, 65 Okla. Cr. 393, 87 P. 2d 1106. This contention is therefore without merit.

As to the petitioner's second contention, that at the time of her commitment she was over the age of 16 years and the court was without authority in law to commit her to Girls Town, this contention has no merit for the reason that under Title 10, § 111, O.S. 1941, as announced in Oklahoma Sess. Laws 1945, p. 26, § 1, the age after adjudication of delinquency before reaching 16 years of age, during which commitment to an institution may be had, was raised from 16 to 18 years. The lack of merit in this contention is patently apparent.

For the foregoing reasons, the demurrer is good and the petition for writ of habeas corpus is accordingly denied.

JONES, P. J., and POWELL, J., concur.