341 P.2d 457

Irene A. HERMAN, Natural Mother of Baby Girl Herman, Cross-Claimant and Appellant,

v.

Floyd Malcolm McIVER, Jr., and Nora Marguerite McIver, his wife, Intervenors and Appellees.

No. 6493.

Supreme Court of New Mexico.

June 29, 1959.

McAtee, Toulouse & Marchiondo, B. J. Stephens, Russell W. Ruud, Albuquerque, for appellant.

Charles H. Dunphy, Roy F. Miller, Jr., Albuquerque, for appellees.

COMPTON, Justice.

Appellant has asked us to review a judgment awarding custody of her child to intervenors, the McIvers. The child, known as Baby Girl Herman, was born May 15, 1956. The controversy started by the filing of an adoption proceeding by the McIvers but culminated in this proceeding under § 13–9–1 to § 13–9–11, 1953 Comp., relating to neglected and dependent children.

An information was filed by the District Attorney of Bernalillo County, New Mexico, charging as follows:

"Said child is destitute, homeless or abandoned; or is dependent upon the public for support, or has not had proper parental care from its natural mother; or when in the custody of its natural mother would be living with a vicious, disreputable person; or has no responsible natural parent; or has a natural parental home which, by reason of neglect, abuse, mistreatment, cruelty and/or deprivation on the part of its natural mother, is an unfit place for said child."

The charge was contested by appellant, and upon a hearing, the court made the following pertinent findings:

"27. That Baby Girl Herman is dependent and neglected within the intendment of § 13–9–2, NMSA 1953 Comp."

"34. That it is for the welfare and best interests of Baby Girl Herman

'that she remain in the custody of Intervenors McIver."

Based on the foregoing findings, the court concluded that the child was dependent and neglected within the meaning of § 13–9–2, 1953 Comp., which reads:

"The words 'dependent and neglected' child as used in this act * * * mean any child, of either sex, under the age of sixteen (16) years, who is destitute, homeless or abandoned or dependent upon the public for support or has not proper parental care or guardianship; or is found begging or soliciting or receiving alms; or is found in any house of prostitution or living with any vicious or disreputable person; or who has no responsible parent or guardian, or who has a home which by reason of neglect, abuse, mistreatment, cruelty or depravity on the part of its parents, guardians or the person in whose care it may be, is an unfit place for such child."

■ We will first dispose of questions of fact. The contention is made that the findings are not supported by substantial evidence. In this respect we think the evidence is sufficient. The words "dependent and neglected" as used in the statute mean any child under the age of 16 years who has no responsible parent or guardian. New Mexico Department of Public Welfare v. Cromer, 52 N.M. 331, 197 P.2d 902. Appellant lives in the home of her mother in Cedar Rapids, Iowa. In the home are appellant's two brothers, one of whom is illegitimate. Also living in the mother's home is a sister and her illegitimate child. Baby Girl Herman is the third illegitimate child of appellant, all of whom have different fathers. Such is the atmosphere of the home in which appellant proposes to rear the child. Appellant was asked why she had so many illegitimate children, and she responded, "well, I guess I was gullible, and I thought they loved me." We need say no more.

■ Now as to legal questions relied on for a reversal. The child was born May 15, 1956, in Cedar Rapids, Iowa. On the following day appellant gave her consent that the child might be adopted. Relying on the consent thus given, the child was placed in the custody of the McIvers, who brought her immediately to their home in Bernalillo County, where they have since resided. They had instituted proceedings in Linn County, Iowa, to adopt the child, and obtained an order for its custody. Meanwhile, appellant changed her mind, withdrew her consent and resisted the adoption. Nevertheless the trial judge held against her. On appeal, however, the judgment was reversed with directions to the lower court to dismiss the petition to adopt.

Shortly thereafter, the McIvers instituted an adoption proceeding in Bernalillo County, New Mexico. Appellant again re-

sisted, and by cross-claim, asserted the Linn County judgment as a bar to the present action. She also sought custody by habeas corpus proceeding but the writ was denied. At a hearing to dispense with parental consent, the petition to adopt was denied by the Bernalillo County Court as was appellant's cross-claim. Thereupon, the court directed proceedings be instituted by the district attorney to determine whether the child was "dependent and neglected" as contemplated by the statute. The McIvers intervened, seeking custody of the child; appellant did likewise. At the hearing the court found the child to be "dependent and neglected" as previously stated.

It is contended the Iowa judgment is res judicata as to matters involved here. The contention is without merit. The sole question before the Iowa Court was the validity of the consent given by appellant. Herman v. McIver, 248 Iowa 619, 80 N.W. 2d 500. Custody was not an issue in the Iowa Court. There were no orders whatever entered respecting the child; nor could there be as the child at all times was residing in New Mexico. State ex rel. Hockenhull v. Marshall, 58 N.M. 286, 270 P.2d 702; Bassett v. Bassett, 56 N.M. 739, 250 P.2d 487.

The point is made that the child since its birth having been in the custody of the intervenors, who have properly cared for it, could not have been "dependent and neglected" within the meaning of the act. On this reasoning, it is also contended that the evidence relating to appellant's unfitness was erroneously admitted. Neither contention can be sustained. Appellant's present unfitness to have the custody of the child is conclusive in determining its status in so far as she is concerned; that the child may have been given proper care and attention by another is unimportant. Cf. In re Helms' Adoption, 59 N.M. 177, 281 P.2d 140.

It is further argued that there was error in directing the district attorney to initiate proceedings under the Dependent and Neglected Children Act. Of course such proceeding may not be used to circumvent an adoption proceeding, but such is not the case. The court had announced his decision denying the petition to adopt. Confronted with the record before him, what was he to do? The welfare and best interest of the child being of paramount consideration, we think he exercised sound judicial discretion. Barwin v. Reidy, 62 N.M. 183, 307 P.2d 175.

The trial court concluded that since no appeal had been taken from the orders entered in the adoption and in the habeas corpus proceedings instituted by appellant, the doctrine of res judicata was an effective bar to the issues raised by appellant's cross-claim. We do not think so. The controlling question here is whether the child was

a dependent and neglected child. Hence, the error, if any, was harmless.

Another matter should be noted. Our attention is directed to appellant's motion to strike certain exhibits attached to appellees' answer brief. We think the motion is well taken and the exhibits are hereby stricken.

Finding no error, the judgment is affirmed. It is so ordered.

LUJAN, C. J., and McGHEE, CARMODY and MOISE, JJ., concur.