In the Matter of John C. MARKLAND and Martina Markland, Plaintiffs in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. 40559.

Supreme Court of Oklahoma.

Nov. 10, 1964.

As Amended on Denial of Rehearing Feb. 9, 1965.

As Corrected Nov. 17, 1964.

Earl Truesdell, Tulsa, for appellants.

David Hall, County Atty., and Ted Flanagan, Asst. County Atty., Tulsa, for defendant in error.

BERRY, Justice.

The disposition to be made of this appeal makes unnecessary an extended recitation of the proceedings or summation of the evidence upon which the judgment complained of was rendered.

On November 16, 1961, plaintiffs in error, hereafter designated as petitioners, were the natural parents of four children whose ages ranged from five years to two months. On that date the mother signed a petition in the Juvenile Court of Tulsa County, as authorized under 20 O.S.1961, § 771 et seq., for the reason the petitioner was " * * * presently unable to provide a home and care for said minor children and requests that Family & Children's Service, Inc., Tulsa, Oklahoma, assume responsibility for said children." A temporary order was entered, under terms of which the children were placed in the home under jurisdiction of the court until investigation could be completed and hearing held.

The Juvenile Court heard the matter January 24, 1962, at which time petitioners and the children were present. The court found the children were dependent and neglected, due to the parents' inability to provide proper emotional, physical and financial care. The court also found: " * * * the best interest of the above named children will now be served by terminating all parental rights of Charles John Markland and Martina Leona Markland, and placing them in the care and custody of the Family and Childrens Service together with the right and authority in said Agency to plan for the future care and welfare of said children on a permanent basis; that in the event no appeal is taken from this Order, the Juvenile Court of Tulsa County will consent to the adop-

tion of the above named children as provided by law."

The court then adjudged the children dependent and neglected and made them wards of the court, placed their custody in the named agency with authority to plan for their future care and welfare upon a permanent basis, and terminated all parental rights of the petitioners. The judgment entered further provided, in the event no appeal was taken from the order and decree, that the court would consent to adoption of the children.

Thereafter petitioners appealed to the district court where the cause was heard on trial de novo. After an extended hearing, the trial court adopted the order of the juvenile court, except that the petitioners' demurrer to the evidence was sustained as respected custody of the four-months' old infant, who was found not to be neglected because adequate attention had been provided. The trial court advised petitioners three of the children had been taken from them, and then stated:

" * * * Now, this case is not closed by any means. Of course, there are two alternatives. You may either appeal the decision in this case or you may re-open the case insofar as the Juvenile Court is concerned, but remember this, that certainly Juvenile authorities and the Court will be continually concerned insofar as your custody and your treatment of the daughter, Lee Ann, is concerned."

The appeal to this Court from the judgment rendered in conformity with the findings of fact, as adopted in toto from the Juvenile Court, is predicated upon four contentions. For present purposes it is necessary to consider only the fourth contention, which is that the District Court erred in decreeing that there were two alternatives, in that petitioners either could appeal the decision rendered, or reopen the case in the Juvenile Court for further proceedings.

To sustain the trial court's judgment, the respondent urges that the juvenile court

had jurisdiction of the matter by virtue of the provisions of 20 O.S.1961, Sec. 773; the juvenile court found the children to be neglected and dependent, which finding also was made by the trial court on trial de novo upon essentially the same evidence. Thus, the Family and Children's Service, Inc., being a private agency, the trial court correctly construed 20 O.S.1961, Sec. 823 in holding that the juvenile court's order could be modified at anytime. Authority for such argument presumably is found in the case of In Re Greenback, 207 Okl. 30, 246 P.2d 733. Examination of that decision will disclose that it is distinguishable upon the facts, and does not extend support to respondent's argument. The order in that case fixed custody and expressly provided custody should be retained until the further order of the court. The import of our holding was that under such an order the court's jurisdiction was not lost where no appeal was taken, and a petition to vacate the order based upon changed conditions properly invoked the jurisdiction of the court.

More recently in the Tipton Home v. Carpenter, Okl., 301 P.2d 224, essentially the same question was presented. Therein a commitment order based upon dependency and neglect placed custody of minor children in the private, charitable corporation. The court's order acknowledged the parent's reservation that the children were not to be adopted unless all the children were adopted as a unit. More than two years later the parent petitioned the court for an order, based upon changed conditions, discharging the children from the home and revesting custody in the parent. In affirming the county court's order placing custody back in the natural parent it was pointed out that the commitment of the children was conditional, and under such circumstances the county court retained jurisdiction.

This case, and the Greenback case above discussed, reflect circumstances sufficient to establish that the county court specifically retained jurisdiction of the matter involved. Neither case supports the argument that

where children are committed to a private institution the committing court unequivocally retains jurisdiction. Granting the jurisdiction conferred upon the juvenile court to hear and determine questions of neglect, dependency and custody it does not follow this automatically serves to continue jurisdiction in such court (in all cases except where the commitment is to a public institution) which will leave the way open for the parents to seek modification of such order when the terms of the order destroy all parental rights.

Sec. 823 in pertinent part provides:

"Any decree or order of the court may be modified at any time; except in the case of a child who has been committed to a public institution or agency, unless committed on temporary order, in which latter case the judge shall set out in such temporary order his reasons therefor.

" * * *

" * * * The court may include in its order committing a child to any individual or agency, the right to plan for and consent to the adoption of such a child."

The finality of the juvenile court's decree in the present case is demonstrated by considering our decision In re Tindell, Okl., 292 P.2d 1022, which involved a commitment to a state agency, which the natural parents sought to vacate after the order became final. In holding such order was not subject to being set aside by the committing court, we pointed out that a permanent order of commitment which neither reserves further authority nor intimates an intention to retain further jurisdiction is sufficient to divest natural parents, who consented to such order, of all future care and control of their children.

Examination of the juvenile court's order herein establishes that the effect of such order was to accomplish a commitment to a private agency and complete severance of parental rights upon the same basis as commitment to a public agency. The pro-

visions of the order, heretofore quoted, purported to sever the parental rights, place permanent custody in the private agency and grant authority to such agency to plan the children's future care and welfare upon a permanent basis. And, in event no appeal should be taken, the court agreed in advance to consent to adoption presumably to be arranged by the agency. We are not called upon to express an opinion as to what the result might be relative to an adoption consummated under such circumstances, particularly with reference to notice and consent of the natural parents.

Consideration of the trial court's statements and order entered following trial de novo supports the conclusion that the court was laboring under a misapprehension of law as concerned the finality of the juvenile court order. The trial court plainly failed to recognize that in absence of the appeal the plain terms of the order effectively barred any opportunity for petitioners to reopen their case in the juvenile court in an effort to establish changed conditions and present fitness to have custody. The order of that court, for whatever reason entered, effectively established a complete and final divestiture of petitioners' parental rights. The finality of the order is best disclosed by the unequivocal language used therein.

We necessarily deduce from the trial court's comments and the order entered, that a different conclusion might have been reached had the court recognized that affirmance of the juvenile court's order constituted a complete divestiture of all parental rights, unless the court expressly reserved and retained further jurisdiction and authority in the cause. Although it might be inferred from the court's comments that the case would be considered as remaining open, there was no clear declaration of an intent to retain jurisdiction in the matter.

The judgment is reversed and the cause is remanded with directions that custody be continued in accordance with the best interests of the children involved for a reasonable time, pending hearing and determination of motions or applications for modification of custody.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, JACKSON and IRWIN, JJ., concur.

WILLIAMS, J., dissents.