In the Matter of Joan RICHMOND,
a Dependent Child.

No. 44075.

Supreme Court of Oklahoma.

April 20, 1971.

As Corrected May 17, 1971.

Rehearing Denied May 18, 1971.

Miskovsky, Sullivan, Embry & Miskovsky, Oklahoma City, for plaintiff in error, Nina Richmond.

Joe Stank, Don Manners, Oklahoma City, for defendant in error, Associated Catholic Charities, Inc.

BLACKBIRD, Justice.

Pursuant to a pleading entitled "PETITION AND RELINQUISHMENT OF CHILD FOR ADOPTION", which Nina Richmond filed in the trial court during August, 1969, alleging that an illegitimate female child born to her, nine days previously, came under this State's Juvenile Code as a delinquent child, and that for the reason that petitioner had no home of her own and was financially unable to care for the child, she believed it was to the child's best interest to do so, the court entered an order, the same day, making the infant a ward of the court and committing her "into the custody of Associated Catholic Charities for care and maintenance for the purpose of finding a suitable home for adoption and for the further purpose of giving consent to adoption."

In less than two months thereafter, and after Associated Catholic Charities had assumed custody of the child under said order, but before any foster or adoptive parents had been found for her (as far as the record shows), Miss Richmond filed, in the same dependent child proceeding, a pleading entitled "PETITION FOR REVOCATION OF CONSENT." In said pleading, it was alleged, among other things in substance, that conditions had changed since the above described petition and order, in that said petitioner and the infant's father had become engaged to be married, and planned to be married and to provide the child the benefits of a home with her natural parents. It was also pleaded that the parents would be financially able to properly provide for the child's care, and that her best interest would be served by returning her to the petitioner. Petitioner prayed, among other things, for the matter to be set for hearing and Associated Catholic Charities be notified to appear and show cause why she should not be permitted to withdraw her previous consent to relinquishing her parental control over the child and be permitted to have her custody.

At a subsequent hearing on the matter, the trial court entered its order and/or judgment sustaining a general demurrer previously filed by Associated Catholic Charities, Inc., as "respondent", to the above described "PETITION FOR REVOCATION * * *". The ground set forth for said ruling was that the court had no jurisdiction over the subject-matter or the parties, and that said petition for revocation stated no ground for relief; but the order restrained respondent from "proceeding with adoption" of the child, pending appeal. From said ruling, Miss Richmond, hereinafter referred to as "appellant", has lodged the present appeal, and represents to this Court, without contradiction, that her aforementioned planned marriage to her child's father has occurred. Associated Catholic Charities, Inc., will hereinafter be referred to as "appellee".

In urging reversal of the trial court's ruling, appellant argues principally that said court erred in holding it lacked jurisdiction to grant her the relief she prayed for in her petition for revocation. She takes the position that, since the court's previous order placing her child in the appellee's custody did not purport to terminate her parental rights, both under the early and latest statutes pertaining to dependent children, the court had such jurisdiction.

We think In re Greenback, 207 Okl. 30, 246 P.2d 733, and Tit. 10 O.S.1968 & 1969 Supp., § 1118, support her position. We also think she is correct in distinguishing the present case from In re Tindell, Okl., 292 P.2d 1022, and Markland v. State, Okl., 398 P.2d 810. Neither of those cases came

under the new juvenile law above cited; and in the later case the juvenile court order involved specifically terminated parental rights.

Admitting its failure to find any Oklahoma cases in point, appellee relies upon cases from other jurisdictions, such as Catholic Charities, etc. v. Harper, 161 Tex. 21, 337 S.W.2d 111, Welfare Division of Dept. of H. & W. v. Maynard, 84 Nev. 525, 445 P.2d 153, and In re Minor Child David (Me.), 256 A.2d 583, to support its position that the trial court correctly held it had no jurisdiction to disturb the previous order. All the cases appellee cites involve the application of statutes pertaining to adoption procedures and concern matters quite different from the child dependency proceeding involved here.

In view of the plain implication of Section 1118, supra, that where the court, by its order, has exercised its power over a minor, as a dependent child, to take its custody from the natural parent and place it in another, but has not terminated the parent's parental rights, it has continuing jurisdiction to modify said order, and, in consideration of the widely accepted policy in this, and other, jurisdictions of upholding the continuing character of such jurisdiction, unless expressly prohibited by statute (see In re Greenback, supra), we are of the opinion that the trial court erred in sustaining appellee's demurrer. Its order and/or judgment is therefore reversed, except for the part restraining appellee from proceeding with adoption, which order of restraint is continued in effect pending future disposition by the trial court; and this cause is hereby remanded to said court with instructions to set aside its ruling on the demurrer and proceed further in a manner consistent with this opinion.

BERRY, C. J., DAVISON, V. C. J., and WILLIAMS, JACKSON and McINERNEY, JJ., concur.

LAVENDER, IRWIN and HODGES, JJ., dissent.