CRIMINAL OFFENSE SENTENCES Under the holding in Ex parte Ridley, Okl. Cr., 106 P. 549
(1910), the Legislature, in the absence of a constitutional amendment, would be without authority to prescribe a specific period of time "after conviction" for a criminal offense, during which the Pardon and Parole Board and the Governor could not exercise clemency authority pursuant to Article VI, Section 10 of the Oklahoma Constitution. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: Does the Legislature have authority under the Constitution to prescribe mandatory minimum sentences for criminal offenses which must be served prior to the offender being considered for parole? In Article V, Section 36 of the Oklahoma Constitution, legislative authority is set forth as follows: "The authority of the legislature shall extend to all rightful subjects of legislation, and any specific grant of authority in this Constitution, upon any subject whatsoever, shall not work a restriction, limitation, or exclusion of such authority upon the same or any other subject or subjects whatsoever." Under Article VI, Section 10 the subject of parole is treated the same as other forms of clemency such as pardons, reprieves, and commutations of sentences. The pertinent portion of Section 10 of Article VI reads as follows: "There is hereby created a Pardon and Parole Board . . . It shall be the duty of the Board to make an impartial investigation and study of applications for commutations pardons or paroles, and by majority vote make its recommendations to the Governor of all deemed worthy of clemency. "The Governor shall have the power to grant, after conviction and after favorable recommendation by majority vote of the said Board, commutations, pardons and paroles for all offenses, except cases of impeachment, upon such conditions and with such restrictions and limitations as he may deem proper, subject to such regulations as may be prescribed by law. . . ." (Emphasis added) Reading the above sections of the Constitution together, it would, at first glance, appear that the Legislature would have the authority to prescribe by law certain "regulations" restricting "commutations, pardons and paroles". The case of Ex parte Ridley, Okl. Cr., 106 P. 549 (1910), held, however, that under Article VI, Section 10 the Governor has exclusive power to parole a convict and there is only left to the Legislature the power to provide by law regulations relative to the manner of applying for pardons or paroles. In the Ridley case, the pertinent issues before the Court involved an Act of the First Legislature, Chapter, 62, page 546, Oklahoma Session Laws 1907-1908, wherein the Legislature provided for a board to pass upon applications for pardons or the commutations of punishment The Act further provided as follows: " 'No pardons, nor paroles shall be granted by the Governor until he shall present the matter to and obtain the advice of the Board of Pardons and Parole, but he may commute death sentences of persons to imprisonment for life.' " The Court in the Ridley case, supra, held that this Act was an unconstitutional infringement and interference upon the executive power granted under Article VI, Section 10. In so holding, the Court states at page 551 of the opinion as follows: "Under our Constitution the pardoning power is vested exclusively in the Governor of the state, and any law which restricted this power would be unconstitutional and void. The coordinate departments of the government have nothing to do with the pardoning power, except that the Legislature may by law provide how applications may be made, and is entitled to a report at each regular session of the action taken. . . . ". . . This constitutional provision is self-executing, and we believe that the legislative act creating the Board of Pardons is clearly unconstitutional and void. In it the Legislature has attempted to confer pardoning power upon other state officers, which is clearly an unconstitutional interference and infringement upon the executive power." (Emphasis added) At page 552 of the opinion, the Court went on to state, in regard to Section 10 of Article VI, as follows: " . . This section contemplates that the Legislature may regulate the manner of applying for pardons, but this should not be construed to confer the power to limit the discretion of the Governor to grant pardons, or to require any other officer to first pass upon the question. All power is taken from the Legislature except that of regulating the manner of applying to the executive." (Emphasis added) It is clear from a reading of Article VI, Section 10 that all of the forms of clemency mentioned therein, pardons, paroles, reprieves and commutations, are treated the same as far as the Governor's power to grant such clemency "after conviction." Thus, the authority of the Governor with regard to paroles would be the same as it is with regard to pardons and would be exercisable any time "after conviction." At the time of the Ridley case, supra, Section 10 of Article VI consisted substantially of the second and third paragraphs of present Section 10 of Article VI. The only change in that constitutional provision being the creation of the Pardon and Parole Board for purposes of making impartial investigation and study of applications for clemency and the requirement that the Governor exercise the clemency power after favorable recommendation by majority vote of the Board, which was adopted as an amendment thereto at the special election on July 11, 1944. The holding in the Ridley case, supra, appears to prohibit any restriction or infringement upon the Governor's exercise of his clemency power under Section 10 of Article VI. While it is true that the Legislature has authority to set the minimum and maximum sentences for all criminal offenses, it appears that the setting of a mandatory minimum sentence to be served prior to consideration for parole would directly restrict the executive authority vested in the Pardon and Parole Board and the Governor under Article VI, Section 10 since they could not exercise that authority within a specifically prescribed time period "after conviction". The Ridley case, supra, has been expressly followed in Ex parte Smith, Okl. Cr., 87 P.2d 1106 (1939); Coburn v. Schroeder, Okl. Cr., 112 P.2d 191 (1941) and Ex parte Barrett, Okl. Cr., 132 P.2d 657 (1942). Also pertinent to this question is the holding in Petition of Leaser, Okl. Cr., 207 P.2d 365 (1949), which held that 57 O.S. 332.7 [57-332.7] (1941), presently codified as 57 O.S. 332.7 [57-332.7] (1971), providing that upon completion of one-third (1/3) of the sentence of any person confined in a penal institution of the State of Oklahoma such person shall be eligible for consideration for parole, does not preclude consideration of a person for parole prior to completion of one-third of his sentence. Thus, the present provision contained in 57 O.S. 1971 332.7 [57-332.7] has not been construed by the Court to restrict the authority of the Pardon and Parole Board or the Governor under Section 10 of Article VI by precluding any consideration for pardon or parole during any period of time "after conviction". Under the decision in the Ridley case, supra, "all power is taken from the Legislature," relating to pardons, paroles, reprieves and commutations by Section 10, Article VI of the Oklahoma Constitution, except that of "regulating the manner of applying to the executive" for such clemency. It is, therefore, the opinion of the Attorney General that your question be answered as follows: Under the holding in Ex parte Ridley, Okl. Cr., 106 P. 549 (1910), the Legislature, in the absence of a constitutional amendment, would be without authority to prescribe a specific period of time "after conviction" for a criminal offense, during which the Pardon and Parole Board and the Governor could not exercise clemency authority pursuant to Article VI, Section 10 of the Oklahoma Constitution. (Gerald E. Weis)